**CENTER FOR SCIENCE
IN THE PUBLIC INTEREST**
Maia Kats (to be admitted *pro hac vice*)
(DC Bar No. 422798; NY Bar No. 2261592)
*mkats@cspinet.org*
Matthew Simon (to be admitted *pro hac vice*)
(DC Bar No. 144727; NY Bar No. 5447222)
*msimon@cspinet.org*
1220 L Street, NW, Suite 300
Washington, District of Columbia 20005
Telephone: (202) 777-8381
Facsimile: (202) 265-4954

**REESE LLP**
Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**MEHRI & SKALET, PLLC**
Craig L. Briskin (to be admitted *pro hac vice*)
(DC Bar No. 980841; NY Bar No. 3028784; MA Bar No. B640963)
*cbriskin@findjustice.com*
1250 Connecticut Avenue, NW, Suite 300
Washington, District of Columbia 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

*Counsel for Proposed Intervenors Jeffrey Worth and Robert Burns*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FERGUSON, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC.,<br><br>Defendant. | No. 3:18-cv-01529-JLS-MDD<br><br>**REPLY IN SUPPORT OF MOTION TO INTERVENE AND TO TRANSFER OR, IN THE ALTERNATIVE, TO STAY THIS ACTION PURSUANT TO THE FIRST-TO-FILE RULE**<br><br>Taken Under Submission<br><br>Judge: Hon. Janis L. Sammartino |

# INTRODUCTION

Plaintiff's description of the history of this case gives the *Worth* Plaintiffs further reason to be concerned that CVS is attempting negotiate another reverse auction settlement, and provides even more support for the *Worth* Plaintiffs' request that the Court either transfer or stay this action, given that a court in the Eastern District of New York has appointed the undersigned counsel as interim co-lead counsel for a proposed nationwide class, after thwarting an earlier attempt by CVS to compromise the interests of the class through a reverse auction settlement.

In their joint motion to vacate the default judgment, the parties state that CVS counsel was unaware a complaint had been served on CVS on July 10, 2018, and mistakenly believed that Ferguson had only sent a draft complaint with a CLRA notice letter, but had not filed and served a complaint on CVS, which it had. CVS counsel appears to state that it was unaware a complaint had been filed until Ferguson moved for entry of default on October 3, 2018. This basic error seems unusual, to say the least, for a large corporation with sophisticated counsel. The *Worth* Plaintiffs note that Mr. Spano of the Polsinelli firm (CVS Counsel in *Worth*), alerted the *Worth* Court at a July 12, 2018 hearing of this action: "[T]here's been a related case filed in the Southern District of California." Ex. A at A019–A020. *Worth* Counsel also served a copy of the motion to intervene in this matter on Mr. Spano on September 6, 2018. See *Ferguson*, ECF No. 4 (Certificate of Service).[1]

More worrisome is the fact that it appears that the parties were in negotiations to settle this matter, which involves a proposed class the *Worth* Plaintiffs have sought

---

[1] Docket entries in this Memorandum of Law are cited as follows: *Worth v. CVS Pharmacy, Inc.*, No. 16 Civ. 498 (FB) (SMG) (E.D.N.Y.) ("*Worth*, ECF No."); *Aliano v. CVS Pharmacy, Inc.*, No. 16 Civ. 2624 (FB) (SMG) (E.D.N.Y.) ("*Aliano*, ECF No."); and *Ferguson v. CVS Pharmacy Inc.*, No. 18 Civ. 1529 (JLS) (MDD) (S.D. Cal.) ("*Ferguson*, ECF No.").

- 1 -  Case No. 18cv1529

REP. IN SUPP. OF MOT. TO INTERVENE AND TRANSFER OR STAY

to represent since February 2016. Mr. Ferguson's claims are the subject of a mediation scheduled *for today* in the *Worth* matter before JAMS mediator David Geronemus in New York. The last time the *Worth* Plaintiffs and CVS engaged in mediation before Mr. Geronemus, in April 2016, CVS was surreptitiously negotiating and did enter a settlement with a copycat filer, Mario Aliano, just a few days after the mediation concluded.

The parties state that there was correspondence between CVS and Ferguson regarding settlement of this matter, but they have not disclosed the communications or described their contents. *Ferguson*, ECF No. 8 ¶¶ 4–5. It is not clear from the Joint Motion whether the parties discussed a class-wide resolution of the matter, or only an individual resolution for Mr. Ferguson's individual purchase. In addition, while Ferguson counsel states, "I am currently aware of no relationship between my firm or Plaintiff and Mario Aliano or his counsel," Kashima Decl. ¶ 6, the statement of "no relationship" is vague, and does not foreclose the possibility that there have been communications between Ferguson counsel and Aliano counsel. In addition, there is no declaration from CVS counsel in the record, regarding settlement negotiations with Ferguson, or any communications with Aliano counsel.

Given that Magistrate Judge Gold in the Eastern District of New York has appointed interim co-lead counsel of the proposed class and stayed the case pending mediation of the matter, it only makes sense to stay or transfer this matter, to avoid the possibility of conflicting rulings or a reverse auction settlement.

# ARGUMENT

## I. THE COURT SHOULD PERMIT *WORTH* PLAINTIFFS TO INTERVENE AS A MATTER OF RIGHT

### A. The Disposition of this Litigation Threatens the Proposed Intervenors' Protected Interests

The *Worth* Plaintiffs were the first filers and have been appointed interim lead counsel, yet this case could move towards settlement without their participation. This litigation clearly threatens their interests.

In his opposition brief, Ferguson asserts that the *Worth* Plaintiffs have no interests in this action because they are not members of the *Ferguson* class. Opp. Br. at 3, 6. Ferguson envisions his lawsuit as completely separate from the *Worth* Plaintiffs' claims. Yet Ferguson admits that a settlement in *Worth* would subsume this matter. Rule 24(a)(2) rejects mechanical application, requiring the Court to consider whether, "*as a practical matter*," a decision here will impact the *Worth* Plaintiffs' interests. The *Worth* Plaintiffs have identified several interests that will be impaired by the disposition of this action.

First, *Worth* Plaintiffs have an interest is seeing the first-to-file rule applied here. Second, *Worth* Plaintiffs assert that there are significant risks of inconsistent rulings between the two courts. Even if such rulings are not legally binding on the *Worth* Court (Opp. Br. at 6), an unfavorable decision from this Court would, "as a practical matter," strongly influence any subsequent decisions in the *Worth* Action. Such a ruling may also bind California consumers of CVS' product, precluding the *Worth* Plaintiffs from representing those consumers.[2] Third, the pendency of these two cases undermines the *Worth* Plaintiffs' negotiating position in its settlement

---

[2] Concerns of inconsistent rulings are particularly acute here, where all the surrounding factors indicate that Ferguson—a copycat filer who has conducted no original scientific, legal, or factual research for the action—will not adequately represent the interests of the class.

- 3 -  Case No. 18cv1529

discussions with CVS. Finally, and critically, Ferguson may enter into an inadequate, reverse auction settlement with CVS, undeniably affecting the economic and legal interests of *Worth* Plaintiffs and the putative nationwide class they seek to represent. It was this exact concern that led Judge Gold to appoint *Worth* Counsel interim co-lead counsel to negotiate exclusively for the class. *See* Letter Renewing FRCP 23(g) Motion, *Worth*, ECF No. 89; *Worth*, Minute Entry June 18, 2018.

Ferguson argues that this last interest is a "conspiracy theory," "implausible," and accuses *Worth* Plaintiffs of "machinations based on speculation and surmise." Opp. Br. at 7. But given CVS's actions in the *Aliano* matter, and the auspicious timing of Ferguson's filing, the *Worth* Plaintiffs' concerns are far from surmise. In fact, Mr. Aliano's counsel told the *Worth* Plaintiffs to expect to see another filing and another settlement. Ferguson filed his complaint almost two and a half years after the *Worth* Plaintiffs filed their action, lodging identical factual allegations, making allegations about a label that changed in early 2016, apparently unaware that a different version of the label has been on CVS's shelves since that time. Only after the *Aliano* settlement was denied preliminary approval on grounds unrelated to its substantive adequacy, Ferguson raced to the courthouse. Under such circumstances, it seems more than plausible that Ferguson's goal is to take the *Aliano* reverse auction settlement to the finish line. Certainly, CVS would be no obstacle. It has already "rushed to reach a settlement" with a copycat filer while the *Worth* Plaintiffs "were in the midst of mediator-assisted negations." *Aliano v. CVS Pharmacy, Inc.*, No. 16 Civ. 2624 (FB) (SMG), 2018 WL 3625336, at *6 (E.D.N.Y. May 21, 2018). Ferguson and CVS' recent joint filing lends more credibility to this charge. In it, CVS notes it believed "no action had been filed while the parties' *attempted to resolve the matter.*" *Ferguson*, ECF No. 8 at ¶ 6 (emphasis added).[3]

---

[3] This admission renders Ferguson's assertion that *Worth* Plaintiffs "have not demonstrated . . . that any settlement discussions between Plaintiff and Defendant are imminent" (Opp. Br. at 8) misleading at best.

- 4 -                                    Case No. 18cv1529
REP. IN SUPP. OF MOT. TO INTERVENE AND TRANSFER OR STAY

Nor would this be the first time Ferguson counsel expanded a complaint from a California class in order to enter into a substantively infirm nationwide settlement. In *Hahn v. Massage Envy Franchising, Inc.*, the plaintiff (represented by Ferguson counsel) filed a class action complaint under California's consumer protection laws on behalf of a California class. *See* No. 12 Civ. 153 (DMS) (BGS) (S.D. Cal.), ECF No. 381 at 2–3, Ex. A. However, after reaching an agreement with the defendant, Ferguson counsel simultaneously submitted an unopposed amended complaint and sought approval for a nationwide settlement under "new contract claims." *Id.* at 4–5. In its order denying approval of that settlement, the court found an unacceptable inter-class conflict and that Ferguson counsel's fee request was unreasonable, noting that it "present[ed] all the signs [of collusion]." *Id.* at 13, 19–20. Although not the basis for its decision, the court described the benefits of the proposed settlement as "modest" and the response to the settlement as "anemic," further suggesting it was a close question whether to disapprove of the settlement on this basis as well. *Id.* at 24.[4,5]

Ferguson, moreover, does not rule out the possibility that he will settle this case on a nationwide basis with CVS, arguing that, if the case were "***somehow expanded*** to include the *Worth* [P]laintiffs," the *Worth* Plaintiffs' interests would be adequately protected by Fed. R. Civ. Pro. 23. Opp. Br. at 8 (emphasis added). With the history of the *Worth* case in mind, it is clear that the opportunity to object to such

---

[4] The court subsequently approved an amended settlement agreement. No. 12 Civ. 153 (DMS) (BGS) (S.D. Cal.), ECF No. 393.

[5] For these reasons, Ferguson finds no help in several out-of-circuit cases holding that "speculative" interests are insufficient under Rule 24(a). Opp. Br. at 7. These cases all concerned interests that were contingent on events wholly unrelated to the litigation. *See Washington Elec. Co-op., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (intervenors interest dependent on decision of the independent Vermont Public Service Board); *Standard Heating & Air Conditioning Co. v. City of Minneapolis,* 137 F.3d 567, 571 (8th Cir. 1998) (intervenors interest dependent on "economic forces," which were not shown to be likely to occur).

a settlement will not sufficiently protect the *Worth* Plaintiffs' interests. The two years of litigation leading to the eventual dismissal of the *Aliano* case amply demonstrate that the *Worth* Plaintiffs and the putative class will be prejudiced by any such legal battle.[6]

### B. Ferguson Does Not Adequately Represent *Worth* Plaintiffs' Interests

A party seeking intervention as of right must only make a showing that the representation "may be" inadequate, and "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).

The test is readily met here. Neither party in this action is willing to seek to transfer or stay this action under the first-to-file rule. Ferguson admits as much, arguing merely that it is not in the *Ferguson* class' interests to stay or transfer the action. Opp. Br. at 10. That is the point. On this issue, Ferguson's interests are not aligned with the *Worth* Plaintiffs' interests.

---

[6] Ferguson also devotes several pages to arguing that the *Worth* Plaintiffs would not adequately represent the *Ferguson* class because the latter's claims come under more "feasible" California's consumer protections laws. Opp. Br. at 3–6. This, of course, is the reverse of the question before the Court. It goes to Ferguson's interests in the disposition of the *Worth* Action, not the *Worth* Plaintiffs' interests in the *Ferguson* Action. Should Ferguson wish to take issue with the *Worth* Plaintiffs' representation of California purchasers, he should file a motion to intervene in the *Worth* Action. Regardless, nationwide classes and nationwide class action settlements in consumer protection actions are routinely certified and/or approved. *See, e.g.*, *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 647 (S.D. Fla. 2015) ("There is general agreement among courts that the 'minor variations in the elements of unjust enrichment under the laws of the various states . . . are not material and do not create an actual conflict.'" (quoting *Pennsylvania Employee, Benefit Tr. Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 477 (D. Del. 2010)); Order Granting Final Approval of Class Action Settlement, *Jovel v. I-Health*, No. 12 Civ. 5614, ECF No. 143 (approving nationwide class action settlement of DHA supplement purchasers).

More, as a copycat filer, Ferguson will not adequately represent *Worth* Plaintiffs' interests at the negotiating table or in litigation. Having conducted no scientific research to file his Complaint, Ferguson is likely to be found flat-footed when CVS argues, as it has, that its product supports eye, heart, and brain health and, thus, had substantial value. Having conducted no legal research, Ferguson will have no response when CVS argues, as it has, that its new label is fully compliant with FDA regulations and, therefore, no meaningful injunctive relief is warranted. *See Aliano*, ECF No. 75. Ferguson responds that his counsel is "well versed with class actions and this particular area of law." Opp. Br. at 9. Even if this were true,[7] it is irrelevant. The question is whether Ferguson will adequately represent the *Worth* Plaintiffs' *in this action*. He will not.

## II. ALTERNATIVELY, PERMISSIVE INTERVENTION IS WARRANTED UNDER RULE 24(b)

Even if the Court were to find reason not to grant intervention as of right, Rule 24(b) vests district courts with "broad discretion" when deciding whether to permit intervention by parties seeking to protect their interests. *Orange Cty. v. Air California*, 799 F.2d 535, 539 (9th Cir. 1986).

Rule 24(b) requires only that intervenors have "a claim or defense that *shares with the main action a common question of law or fact*." Fed. R. Civ. P. 24(b)(1)(B). As discussed above, the *Worth* Plaintiffs' claims, which were copied by Ferguson, are virtually identical to the claims in this case. Indeed, both cases involve the same product, the same defendant, and allege that the same representations on the packaging of the product are false and misleading for the same reasons.

Perhaps recognizing that Rule 24(b) is met here, Ferguson argues that this

---

[7] Notably, of the four cases Ferguson counsel submits in support of this proposition, only one involved a food or supplement product. *See* Kashima Decl. ¶¶ 3–5. Another, *Hahn*, discussed above, confirms the *Worth* Plaintiffs' concerns.

Court must have "an independent basis for jurisdiction" over the *Worth* Plaintiffs' and that it lacks *personal* jurisdiction to hear their claims. Opp. Br. at 11 (quoting *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998)). That assertion is meritless. The *Donnelly* Court was referring to an independent basis for *subject matter* jurisdiction, which this Court has under CAFA. *See Gila River Indian Cmty. v. United States,* No. 10 Civ. 1993 (PHX) (DGC), 2010 WL 4269590, at *4 (D. Ariz. Oct. 28, 2010) ("[T]he inquiry under the first element concerns subject matter jurisdiction." (citing *E.E.O.C. v. Nevada Resort Ass'n*, 792 F.2d 882, 886 (9th Cir. 1986)); *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011) (intervenors do not need Article III standing; the jurisdiction inquiry arises mainly from a concern "in diversity cases where proposed intervenors seek to use permissive intervention to gain a federal forum for state-law claims over which the district court would not, otherwise, have jurisdiction.").

### III. THE COURT SHOULD TRANSFER OR STAY THIS ACTION UNDER THE FIRST-TO-FILE RULE

If there was any case were the first-to-file rule should apply, it is this one. It is undisputed that the *Worth* Case was the first filed. Indeed, it was filed over *two and half years* prior to the instant action. More, the parties in the two actions are the same. Both suits name as the sole defendant CVS Pharmacy, Inc., and the putative class of nationwide purchasers in the *Worth* Complaint subsume Ferguson's claims and those of the putative class of California purchasers.

Recognizing these facts, Ferguson argues that the issues in these cases are "fundamental[ly]" different. Noting that the *Worth* Plaintiffs seek to represent a nationwide class under the common law, Ferguson asserts it will be more difficult to certify the *Worth* class, which apparently means that no "judicial economies" will be achieved by staying or transferring this action. Opp. Br. at 12–13.

No judicial economies? Both cases are based on the same underlying facts and

make virtually identical legal claims. The discovery required, expert testimony, and legal and factual arguments in the two cases will be indistinct. The idea that this one difference overrides the extensive similarities between these two actions strains credulity. *Am. Newland Communities, L.P. v. Axis Specialty Ins. Co.*, No. 11 Civ. 1217 (JLS) (WMC), 2011 WL 5359335, at *1 (S.D. Cal. Nov. 7, 2011) (Sammartino, J.) ("[T]he similarity of issues requirement does not require that the issues in the two actions be identical.").

*Adoma v. Univ. of Phoenix, Inc.*, which Ferguson cites in support of this specious argument, is inapposite. Opp. Br. at 13 (citing 711 F. Supp. 2d 1142 (E.D. Cal. 2010)). The *Adoma* court found that the three first-to-file rule factors *all favored* its application, including the similarity of the issues. *Id.* at 1146–1149. Nonetheless, the Court determined that "the equities . . . tipp[ed] in favor of an exception to the first-to-file rule. *Id.* at 1150. Chief among the court's concerns was that the statute of limitations would run against the plaintiff, because, "*unlike in a class action* where the statute of limitations is tolled while a plaintiff seeks class certification, the rights members of a proposed collective action are not so protected." *Id.* (emphasis added). More, the Court noted differences in the two actions "theory of liability." *Id.* Neither of these factors are present here. Nor did *Adoma* concern a copycat filer who brought a case two and half years after the initial case, where the original plaintiffs were appointed interim lead counsel.

Because transferring or staying this action is "appropriate based on the first-to-file factors and promotes the policy considerations underlying the rule," *Manier v. L'Oreal USA, Inc.*, No. 16 Civ. 6886 (ODW) (KS), 2017 WL 59066, at *2 (C.D. Cal. Jan. 4, 2017), the *Worth* Plaintiffs respectfully ask the Court to apply the first-to-file rule and transfer *Ferguson* to join the earlier-filed *Worth* Case in the Eastern District of New York or, alternatively, stay this action.

# CONCLUSION

For the foregoing reasons, the Court should grant the motion of Jeffrey Worth and Robert Burns to intervene in the above-captioned action, and either stay this matter, or transfer it to the Eastern District of New York.

Date: October 18, 2018

Respectfully submitted,

**REESE LLP**

By: */s/ Michael R. Reese*

Michael R. Reese (SBN 206773)
*mreese@reesellp.com*
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Facsimile: (212) 253-4272

**CENTER FOR SCIENCE
IN THE PUBLIC INTEREST**
Maia Kats (to be admitted *pro hac vice*)
*mkats@cspinet.org*
Matthew Simon (to be admitted *pro hac vice*)
*msimon@cspinet.org*
1220 L Street, NW, Suite 300
Washington, District of Columbia 20005
Telephone: (202) 777-8381
Facsimile: (202) 265-4954

**MEHRI & SKALET, PLLC**
Craig L. Briskin (to be admitted *pro hac vice*)
*cbriskin@findjustice.com*
1250 Connecticut Avenue, NW, Suite 300
Washington, District of Columbia 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

*Counsel for Proposed Intervenors Jeffrey Worth and Robert Burns*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on October 18, 2018, I electronically filed the foregoing Memorandum with the Clerk of the Court using CM/ECF, which sends notice of such filing to all parties registered with the CM/ECF system.

By: */s/ Michael R. Reese*

Michael R. Reese (SBN 206773)

- 11 -  Case No. 18cv1529

REP. IN SUPP. OF MOT. TO INTERVENE AND TRANSFER OR STAY