**POLSINELLI LLP**
Noel S. Cohen (CA Bar No. 219645)
Ilana G. Zelener (CA Bar No. 311584)
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Telephone: 310.556.1801
Facsimile: 310.556.1802
Email: ncohen@polsinelli.com
Email: izelener@polsinelli.com

**POLSINELLI PC**
Frank Spano (*pro hac vice*)
600 Third Avenue
New York, NY 10016
Telephone: 212.413.0199
Facsimile: 212.684.0197
Email: fspano@polsinelli.com

Jennifer J. Axel (*pro hac vice*)
One East Washington, Suite 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
Facsimile: (602) 264-7033
Email: jaxel@polsinelli.com

*Attorneys for Defendant CVS Pharmacy, Inc.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Les Ferguson, an individual<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CVS Pharmacy, Inc., a corporation,<br><br>　　　　Defendants. | Case No. 3:18-CV-01529-JLS-MDD<br><br>**DEFENDANT'S ANSWER TO COMPLAINT**<br><br>Complaint Filed: July 5, 2018 |

Defendant CVS Pharmacy, Inc. ("Defendant" or "CVS"), by and through its undersigned counsel, hereby files its Answer to the Complaint by Plaintiff Les Ferguson ("Plaintiff") as follows:

1. In response to paragraph 1 of the Complaint, Defendant admits that Plaintiff purports to bring a putative class action involving Algal-900 DHA (the "Product"), which is marketed and sold by Defendant. Defendant denies the remaining allegations of paragraph 1.

2. In response to paragraph 2 of the Complaint, Defendant admits that it sells the Product. Defendant denies the remaining allegations of paragraph 2.

3. In response to paragraph 3 of the Complaint, Defendant affirmatively alleges that the referenced "2014 report" and "NIH study" speak for themselves. Defendant denies the remaining allegations of paragraph 3.

4. Defendant denies the allegations in paragraph 4 of the Complaint.

5. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint and therefore denies same.

6. In response to paragraph 6 of the Complaint, Defendant admits that Plaintiff seeks injunctive and compensatory relief for himself and the putative class. Defendant denies the remaining allegations of paragraph 6.

## II.   JURISDICTION AND VENUE

7. Answering paragraph 7 of the Complaint, Defendant does not dispute, at this time, that this Court has subject matter jurisdiction. Defendant denies the remaining allegations of paragraph 7.

8. Answering paragraph 8 of the Complaint, Defendant does not dispute, at this time, that venue is proper in this Court. Defendant denies the remaining allegations of paragraph 8.

## III.   PARTIES

9. In response to paragraph 9 of the Complaint, Defendant responds that it is without sufficient knowledge or information to form a belief as to the truth of such allegations and on that basis denies each and every such allegation.

10. In response to paragraph 10 of the Complaint, Defendant denies that it is a corporation organized and existing under the laws of the State of Delaware. Defendant affirmatively alleges that is a corporation organized and existing under the laws of the State of Rhode Island. Defendant admits that its principal place of business is located at One CVS Drive, Woonsocket, Rhode Island; that it is engaged in the retail sale of prescription drugs and a wide assortment of general merchandise, including over-the-counter drugs and dietary supplements; that it has approximately 9,800 retail locations in the United States; and that it sells certain products online at www.cvs.com. Defendant denies the remaining allegations of paragraph 10.

11. In response to paragraph 11 of the Complaint, Defendant admits that it sold the Product in the United States, including in the State of California. Defendant denies the remaining allegations of paragraph 11.

## IV. FACTUAL BACKGROUND

12. In response to paragraph 12 of the Complaint, Defendant admits that Omega-3 fatty acids are polyunsaturated fatty acids, and that they include alpha-linolenic acid (ALA), eicosapentaenoic acid (EPA), and docosahexaenoic acid (DHA). Defendant further admits that ALA is found in flaxseed, soybean, and canola oils and that DHA and EPA are found in fish and other seafood. Defendant denies the remaining allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Defendant admits that Omega-3 fatty acids are not able to be produced by the human body and that foods and dietary supplements are a way to increase the levels of omega-3 fatty acids in your body. Defendant denies the remaining allegations of paragraph 13.

14. In response to paragraph 14 of the Complaint, Defendant admits that Omega-3 fatty acids are found in foods, including fish, vegetables, vegetable oils, and nuts. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 14 of the Complaint regarding the statements by

the National Institutes of Health ("NIH") and therefore denies same. Defendant denies the remaining allegations of paragraph 14.

15. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint and therefore denies same.

16. Answering paragraph 16 of the Complaint, Defendant admits that it sells the Product. Defendant affirmatively alleges that the Product labels speak for themselves. Defendant denies the remaining allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20 of the Complaint.

21. In response to paragraph 21 of the Complaint, Defendant affirmatively alleges that the referenced study entitled "Beneficial effects of docosahexaenoic acid on cognition in age-related cognitive decline," by Karin Yurko-Mauro *et al*., speaks for itself. Defendant denies the remaining allegations of paragraph 21.

22. In response to paragraph 22 of the Complaint, Defendant affirmatively alleges that the documents cited in footnotes 3 and 4 of the Complaint speak for themselves. Defendant denies the remaining allegations of paragraph 22.

23. In response to paragraph 23 of the Complaint, Defendant affirmatively alleges that the document cited in footnote 4 of the Complaint speaks for itself. Defendant lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 23 of the Complaint and therefore denies same.

24. Defendant denies the allegations of paragraph 24 of the Complaint.

25. In response to paragraph 25 of the Complaint, Defendant affirmatively alleges that the referenced article, cited in footnote 5, speaks for itself. Defendant denies the remaining allegations of paragraph 25.

26. In response to paragraph 26 of the Complaint, Defendant affirmatively alleges that the study and review, cited in footnotes 6 and 7 of the Complaint speak for themselves. Defendant denies the remaining allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint asserts legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 28.

29. Paragraph 29 of the Complaint asserts legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 29.

30. Paragraph 30 of the Complaint asserts legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations of Paragraph 30.

## V. ECONOMIC INJURY

31. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint and therefore denies same.

32. Defendant denies the allegations of paragraph 32 of the Complaint.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

## VI. CLASS ALLEGATIONS

34. In response to paragraph 34 of the Complaint, Defendant admits that Plaintiff purports to bring a putative class action on behalf of himself and California residents that purchased the Product from CVS. Defendant denies that Plaintiff is entitled to class certification with respect to his claims against Defendant. Defendant denies any remaining allegations of paragraph 34.

35. In response to paragraph 35 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 35.

36. In response to paragraph 36 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 36.

37. In response to Paragraph 37 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 37.

38. In response to paragraph 38 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 38.

39. In response to paragraph 39 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 39.

40. In response to paragraph 40 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 40.

41. In response to paragraph 41 of the Complaint, Defendant denies that Plaintiff is entitled to class certification with respect to his current or future claims against Defendant. Defendant denies any remaining allegations of paragraph 41.

## **FIRST COUNT**

**(Violation of Cal. Bus. & Prof. Code §§ 17500, *et seq.*—**

**Untrue, Misleading and Deceptive Advertising)**

42. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

43. Answering Paragraph 43, Defendant admits that it offered the Product for sale. Defendant denies any remaining allegations in paragraph 43 of the Complaint.

44. Defendant denies the allegations in paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 45.

46. Defendant denies the allegations in paragraph 46 of the Complaint.

47. Defendant denies the allegations in paragraph 47 of the Complaint.

48. Defendant lacks sufficient information to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint and therefore denies same.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Complaint.

51. Defendant denies the allegations in paragraph 51 of the Complaint.

52. Answering paragraph 52 of the Complaint, Defendant admits that Plaintiff seeks injunctive relief. Defendant denies the remaining allegations of paragraph 52.

## SECOND COUNT

**(Violation of Cal. Bus. & Prof. Code §§ 1750, *et seq.*—Misrepresentation of a Product's standard, quality, sponsorship, approval, and/or certification)**

53. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

54. Paragraph 53 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 53.

55. Paragraph 54 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 54.

56. Paragraph 55 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 55.

57. Paragraph 56 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 56.

58. Defendant denies the allegations in paragraph 57 of the Complaint.

59. Defendant denies the allegations in paragraph 58 of the Complaint.

60. Defendant denies the allegations in paragraph 59 of the Complaint.

61. Defendant denies the allegations in paragraph 60 of the Complaint.

62. Answering paragraph 61 of the Complaint, Defendant admits that Plaintiff is seeking injunctive relief. Defendant denies any remaining allegations in paragraph 61.

63. Answering paragraph 62 of the Complaint, Defendant admits that it received notice of Plaintiff's claims under the CLRA.

64. Answering paragraph 63 of the Complaint, Defendant affirmatively alleges that it responded to Plaintiff's CLRA notice within 30 days. Defendant denies any remaining allegations in paragraph 63 of the Complaint.

## THIRD COUNT

**(Violation of Cal. Bus. & Prof. Code §§ 17200, *eq seq.*—Unfair Business Acts and Practices)**

65. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

66. Defendant denies the allegations in paragraph 65 of the Complaint.

67. Defendant denies the allegations in paragraph 66 of the Complaint.

68. Defendant denies the allegations in paragraph 67 of the Complaint.

69. Defendant denies the allegations in paragraph 68 of the Complaint.

70. Defendant denies the allegations in paragraph 69 of the Complaint.

71. Defendant denies the allegations in paragraph 70 of the Complaint.

72. Defendant denies the allegations in paragraph 71 of the Complaint.

73. Defendant denies the allegations in paragraph 72 of the Complaint.

## FOURTH COUNT

**(Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*—Fraudulent Business Acts and Practices)**

74. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

75. Defendant denies the allegations in paragraph 74 of the Complaint.

76. Defendant denies the allegations in paragraph 75 of the Complaint.

77. Defendant denies the allegations in paragraph 76 of the Complaint.

78. Defendant denies the allegations in paragraph 77 of the Complaint.

## FIFTH COUNT

**(Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*—Unlawful Business Acts and Practices)**

79. Defendant incorporates by reference the preceding paragraphs of this Answer as if fully set forth herein.

80. Defendant denies the allegations in paragraph 80 of the Complaint.

81. Defendant denies the allegations in paragraph 81 of the Complaint.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 82.

83. Paragraph 83 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of Paragraph 83.

84. Defendant denies the allegations in paragraph 84 of the Complaint.

85. Defendant denies the allegations in paragraph 85 of the Complaint.

86. Defendant denies the allegations in paragraph 86 of the Complaint.

87. Paragraph 87 of the Complaint contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations of paragraph 87.

88. Defendant denies the allegations in paragraph 88 of the Complaint.

89. Defendant denies the allegations in paragraph 89 of the Complaint.

90. Defendant denies the allegations in paragraph 90 of the Complaint.

91. Defendant denies any allegation not expressly admitted herein.

## **AFFIRMATIVE DEFENSES**

As for its affirmative defenses to all causes of action purported to be set forth in Plaintiff's Complaint, Defendant alleges as follows. The Complaint does not describe the claims against Defendant with sufficient particularity to enable Defendant to determine what additional defenses it may have. Accordingly, Defendant reserves the right to amend this Answer as appropriate and to assert all additional defenses once the claims and/or facts become clear.

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State Cause of Action)**

Each and every purported cause of action of the Complaint alleged against Defendant fails to state facts sufficient to constitute a cause of action against it.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Standing)**

Plaintiff lacks standing to assert any claims against Defendant under the Business and Professions Code because Plaintiff failed to sufficiently plead an injury in fact.

## **THIRD AFFIRMATIVE DEFENSE**
### **(Estoppel and Laches)**

Plaintiff's claims and those of the putative class members are barred by estoppel, promissory or otherwise and the doctrine of laches.

## **FOURTH AFFIRMATIVE DEFENSE**
### **(Statute of Limitations)**

Plaintiff's claims and those of the putative class members are barred in whole or in part by the applicable statutes of limitations, to the extent the alleged

65724235.3

conduct took place outside the applicable limitations period. California's Unfair Competition Law ("UCL") provides that any action must be brought within four years after the action accrues. The UCL is governed by common law accrual rules to the same extent as any other statute." *Tryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185, 1196 (Cal. 2013). "[J]ust like common law claims challenging fraudulent conduct, a UCL deceptive practices claim should accrue only when a reasonable person would have discovered the factual basis for a claim." *Id*. at 1195 (citation omitted).  The statute of limitations begins to run based upon "inquiry" notice – when the party is in possession of sufficient facts to suspect wrongdoing – rather than actual knowledge of the underlying facts or a legal theory. *State of California ex rel. Metz v. CCC Information Services, Inc.*, 149 Cal. App. 4th 402, 417-18 (Cal. App. 2d Dist. 2007).  Nonetheless, Plaintiff fails to allege when he or any other member of the putative class purchased the Product.

### FIFTH AFFIRMATIVE DEFENSE

**(Acts of Third Parties/Other Defendants, Class Members and/or Plaintiff)**

If Plaintiff and/or the putative class did sustain any damages as alleged in the Complaint, that damage, injury or loss, if any, was proximately caused or contributed to, in whole or in part, by the conduct of Plaintiff, putative class members or other persons or entities (whether or not a party to this lawsuit) other than Defendant.

### SIXTH AFFIRMATIVE DEFENSE

**(Adequate Remedy)**

Plaintiff and the putative class allege that they were damaged because they purchased the Product based on the representations of Defendant.  The Complaint, its causes of action, and its remedies for injunctive relief and restitution are barred in light of the fact that plaintiff and/or putative class members have a legal remedy, specifically money damages.  Further, Plaintiff and the putative class are not entitled to equitable relief that duplicates any legal relief they may receive.  *See,*

*e.g. Guifu Li v. A Perfect Franchise, Inc.*, 2011 WL 2971046, at *5 (N.D. Cal. 2011).

### SEVENTH AFFIRMATIVE DEFENSE
### (No Duty)

Plaintiff's claims are barred because Defendant was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

### EIGHTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Defendant is not liable to Plaintiff, in whole or in part, because the losses that Plaintiff allegedly suffered was not proximately caused by any act or omission of Defendant.

### NINTH AFFIRMATIVE DEFENSE
### (Primary Jurisdiction)

Plaintiff's Complaint and each and every purported cause of action therein should be dismissed pursuant to the doctrine of primary jurisdiction because Plaintiff's claims raise issues that should be addressed in the first instance by the United States Food and Drug Administration.

### TENTH AFFIRMATIVE DEFENSE
### (Preemption)

Plaintiff's claims are preempted by federal law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Res Judicata)

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel, pending the settlement of a related class action lawsuit that involves the same putative classes Plaintiff purports to represent here.

### TWELFTH AFFIRMATIVE DEFENSE
### (Personal Jurisdiction)

Plaintiff's claims are barred for lack of personal jurisdiction. (*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County,* 137 S. Ct. 1773 (2017)).

CVS reserves the right to add such further defenses as may be warranted by the information developed through discovery.

## PRAYER

WHEREFORE, having fully answered the Complaint, Defendant respectfully prays as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That judgment be entered in favor of Defendant and against Plaintiff on the Complaint as a whole;

3. That Defendant be awarded attorneys' fees and costs of suit as may be appropriate under applicable statutes;

4. That the Court award Defendant such other relief as the Court may deem appropriate.

## JURY DEMAND

Defendant demands a trial by jury on any of Plaintiff's claims triable to a jury.

Dated:  October 26, 2018                                  **POLSINELLI LLP**

                                                          By:  /s/ *Noel Cohen*
                                                               Noel S. Cohen
                                                               *Attorneys for Defendant CVS Pharmacy, Inc.*

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:**

At the time of service, I was over 18 years of age and not a party to this action. I am employed at Polsinelli LLP in the County of Los Angeles, State of California. My business address is 2049 Century Park East, Suite 2900, Los Angeles, California, 90067.

On October 26, 2018, I served true copies of the following document(s) described as

**DEFENDANT CVS PHARMACY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 26, 2018, at Los Angeles, California.

/s/ *Jill Serena*
Jill Serena