# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LES FERGUSON, an individual,<br><br>                              Plaintiff,<br><br>v.<br><br>CVS PHARMACY, INC., a corporation,<br><br>                             Defendant. | Case No.: 18-CV-1529 JLS (MDD)<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO STAY**<br><br>(ECF No. 28) |

Presently before the Court are Defendant CVS Pharmacy, Inc.'s Motion to Stay ("Mot.," ECF No. 25) and Notice of Non-Opposition to the Motion (ECF No. 26). The Court vacated the hearing and took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 27. After considering the Motion and the relevant law, the Court **GRANTS** Defendant's unopposed Motion.

## BACKGROUND

On July 5, 2018, Plaintiff filed a punitive class action alleging that Defendant falsely claimed that the Algal-900 DHA supplement was clinically shown to improve memory. *See* ECF No. 1. The factual allegations in Plaintiff's complaint are nearly identical to the factual allegations in the complaint in *Worth v. CVS Pharmacy, Inc.*, No. 16-CV-498 SMG, a punitive class action filed on February 1, 2016, in the Eastern District of New York (the "Worth Action"). *See* ECF No. 25-3; *see also* ECF No. 25-4.

On May 28, 2019, the court in the Worth Action certified a settlement class of "all consumers in the United States who purchased one or more Algal-900 DHA Products, containing, on the label and/or packaging, the claim that it is 'clinically shown to improve memory' or offers 'clinically shown memory improvement,' on or after November 15, 2008, through September 30, 2016," ECF. No. 25-5 at ¶ 6, and set a final approval hearing for September 26, 2019. *Id.* at ¶ 15.

Claiming that approval of the Worth Settlement would settle claims for the putative class asserted in this case, Defendant filed the instant Motion on June 13, 2019. *See generally* ECF No. 25.

## LEGAL STANDARD

Courts have the discretionary power to stay proceedings. *Ali v. Trump*, 241 F. Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a motion to stay, "the competing interests [that] will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Those interests include: (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

## ANALYSIS

In its Motion, Defendant requests the court to grant a one hundred and twenty day stay pending final approval of the proposed settlement in the Worth Action (the "Worth Settlement"). Mot. at 9. As an initial matter, Civil Local Rule 7.1(e)(2) requires "each party opposing a motion" to file its opposition and serve the movant at least fourteen days before the noticed hearing date. Civil Local Rule 7.1(f)(3)(c) provides that, "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling

by the court." Consequently, by virtue of Civil Local Rule 7.1(f)(3)(c), Plaintiff has consented to the relief requested in Defendant's Motion. *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (upholding dismissal of indictments pursuant to a district court local rule stating that failure to timely oppose motions is deemed consent to the motion).

Nonetheless, the Court addresses Defendant's Motion on the merits and briefly analyzes each of the *Landis* factors below.

## I. Possible Damage from Granting of a Stay

When a district court approves a class action settlement, "a federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action.'" *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Pls. v. City of Seattle*, 955 F.2d 1268, 1287 (9th Cir. 1992)). Defendant contends that Plaintiff will not suffer any damage if the requested stay is granted because this action and the Worth Action are based on the same alleged misrepresentations regarding the same product, *see* Mot. at 5, meaning that the Worth Settlement, if approved, will necessitate dismissal of this action despite the differing theories of liability. *See id.* at 6–7.

The Court agrees with Defendant that the requested stay will not damage Plaintiff because a stay will ensure Plaintiff does not waste unnecessary expenses in an action that may be subject to dismissal. Furthermore, the requested stay "will allow [Plaintiff] to focus [its] resources on attacking the fairness of the potential [Worth] settlement." *See In re JPMorgan Chase LPI Hazard Litig.*, No. C-11-03058 JCS, 2013 WL 3829271, at *4 (N.D. Cal. July 23, 2013). This factor therefore weighs in favor of granting a stay.

## II. Hardship to Defendant Absent a Stay

For the same reasons, not granting a stay would harm Defendant because "[i]t would be burdensome for both parties to spend time, energy, and resources on pretrial and discovery issues" when this case may be dismissed upon final approval of the Worth
/ / /

Settlement. *See Alvarez v. T-Mobile USA, Inc.*, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010). Consequently, this factor also favors granting the requested stay.

**III.   The Orderly Course of Justice**

Finally, the Court concludes that judicial economy would not be served by having the Court expend resources on a case that may be dismissed. *See CollegeSource, Inc. v. AcademyOne, Inc.*, No. 08-CV-1987 H (CAB), 2011 WL 6934458, at *2 (S.D. Cal. Dec. 30, 2011) (holding that granting a stay in the one of two cases that had progressed less was proper because the case that had progressed further included the same parties and issues). Accordingly, the final *Landis* factor also weighs in favor of granting a stay.

Because all three *Landis* factors weigh in favor of granting Defendant the requested stay, the Court concludes that a limited stay pending the Worth Settlement is appropriate.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant's Motion (ECF No. 28). Defendant **SHALL FILE** a status report within underline(one hundred and twenty (120) days) or within underline(seven (7) days of final approval of the settlement of the Worth Action), whichever is sooner.

**IT IS SO ORDERED.**

Dated:  September 12, 2019

*[signature]*
Hon. Janis L. Sammartino
United States District Judge